**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

PATRICK SHANE WILSON, individually and                                    PLAINTIFFS
on behalf of himself and all others similarly
situated; and KIMBERLY MCCLURE, individually
and on behalf of herself and all others similarly situated

v.                                         No. 4:11CV00264 JLH

LEE PRICKETT, individually and in his official
capacity as a Police Officer for the City of Bryant;
RAY PENNINGTON, individually and in his
official capacity; CITY OF BRYANT; CITY OF BENTON;
CITY OF HASKELL; CITY OF ALEXANDER;
CITY OF BAUXITE; and CITY OF SHANNON HILLS                                DEFENDANTS

<u>**ORDER**</u>

The Court's Opinion and Order entered on December 22, 2011, granted the motions to

dismiss filed by the cities on the ground that the complaint alleged that the cities participated in a

conspiracy only in a conclusory fashion, which was insufficient under Rule 8 of the Federal Rules

of Civil Procedure.  The Court noted that the cities could not be dismissed if they were necessary

parties under Rule 19 of the Federal Rules of Civil Procedure and noted that a party that has been

unjustly enriched, even if innocent, may be required to make restitution.  Even so, the complaint as

then filed failed to allege that any city actually received an illegally collected fee.

After the Court entered that Opinion and Order, the plaintiffs filed a third amended

complaint, and the cities responded by filing additional motions to dismiss.  The third amended

complaint, like the earlier complaint, alleges in a conclusory fashion that the cities participated in

a conspiracy.  As noted above, that conclusory allegation is insufficient under Rule 8 of the Federal

Rules of Civil Procedure.  Consequently, the tort claims against the cities are dismissed.

The third amended complaint differs from its predecessors in one respect, which is that the third amended complaint specifically alleges that Patrick Shane Wilson paid the warrant fee and that the warrant fee was received by the City of Bryant. The City of Bryant, therefore, may be a necessary party so that restitution may be awarded.

For the reasons stated above and in the Opinion and Order entered on December 22, 2011, the motion to dismiss the third amended complaint by the City of Benton is granted. Document #44. The City of Benton is dismissed from this action.

The motion for judgment on the pleadings filed by the Cities of Shannon Hills, Haskell, Bryant, Alexander, and Bauxite is granted in part. The motion is denied with respect to the claim of restitution on the part of Patrick Shane Wilson *vis-a-vis* the City of Bryant. Otherwise, the motion is granted as a motion to dismiss. All claims against the Cities of Shannon Hills, Haskell, Alexander, and Bauxite are dismissed without prejudice. All claims against the City of Bryant are dismissed without prejudice except for the claim for restitution. On that claim, the City of Bryant will remain as a necessary party under Rule 19 so that if Patrick Shane Wilson prevails the Court may order restitution. Document #46.

IT IS SO ORDERED this 21st day of February, 2012.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE